PD-1058-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/28/2015 7:27:02 PM
Accepted 9/30/2015 2:49:57 PM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

## PD-1058-15

*State of Texas, Appellant*
*v.*
*Casey Welborn, Appellee*

**On Discretionary Review from No. 02-14-00464-CR**
**Second Court of Appeals**

**On Appeal from No. CR-2013-07913-D**
**County Criminal Court No. 4, Denton County**

## Petition for Discretionary Review

**Mark T. Lassiter**
**3500 Maple Ave Suite 400**
**Dallas, TX 75219**
**Phone: 214-845-7007**
**Fax: 214-845-7006**
**mark@lassiterlawoffice.com**
**Texas Bar No. 24055821**

**Michael Mowla**
**P.O. Box 868**
**Cedar Hill, TX 75106**
**Phone: 972-795-2401**
**Fax: 972-692-6636**
**michael@mowlalaw.com**
**Texas Bar No. 24048680**

FILED IN
COURT OF CRIMINAL APPEALS

September 30, 2015

ABEL ACOSTA, CLERK

*If the Petition is granted, oral argument is requested*

1

# I. Identity of Parties, Counsel, and Judges

Casey Welborn, Appellee

Mark T. Lassiter, attorney for Appellee at trial and on discretionary review

Michael Mowla, attorney for Appellee on discretionary review

State of Texas, Appellant

Paul Johnson, Denton County District Attorney, Attorney for Appellee

Emily Chilivetis, Denton County Assistant District Attorney

Britney Tomberlin, Denton County Assistant District Attorney

Catherine Luft, Denton County Assistant District Attorney

Lara Tomlin, Denton County Assistant District Attorney

Lisa McMinn, State Prosecuting Attorney

John Messinger, Assistant State Prosecuting Attorney

Hon. Joe Bridges, Presiding Judge of County Criminal Court No. 4, Denton County

## II.  Table of Contents

I.     Identity of Parties, Counsel, and Judges........................................................2

II.    Table of Contents...............................................................................................3

III.   Table of Authorities..........................................................................................5

IV.   Appendix Index .................................................................................................6

V.    Statement Regarding Oral Argument ..............................................................7

VI.   Statement of the Case and Procedural History ...............................................8

VII.  Grounds for Review........................................................................................10

VIII. Argument .......................................................................................................11

   **1.** Ground for Review: The court of appeals erred by effectively creating a bright-line rule that all errors in warrants and probable cause affidavits supporting a warrant may be explained later using parol evidence.  This bright-line rule: (1) violates the Fourth Amendment; and (2) allows the adequacy of an affidavit supporting a search warrant to no longer be governed by the rule that probable cause must be determined from the four corners of the affidavit alone, but may instead be explained later using parol evidence.  Thus, this Court should hold that parol evidence may not be used to supplement information contained within the "four corners" of a probable cause affidavit if the parol evidence allows the State to justify a Fourth Amendment seizure after-the-fact. ....................................11

     **i.**    Introduction ..................................................................11

     **ii.**   The "four-corners rule" prohibits going outside the "four corners" of an affidavit supporting a search warrant, and the court of appeals clearly violated this rule....................................11

     **iii.**  Review of probable cause affidavits supporting a search warrant require a commonsense, and not a hypertechnical analysis .................................................................13

     **iv.**  The incorrect information in the affidavit (the date) is not something within the "common knowledge" of the officer or magistrate .................................................14

     **v.**   The Court of Appeals misinterpreted this Court's ruling in *Green* ..............................................................................15

      **vi.**     The opinion of the Court of Appeals circumvents *Crider* ...................17

IX.   Conclusion and Prayer.........................................................................18

X.    Certificate of Service ..........................................................................20

XI.   Certificate of Compliance with Tex. Rule App. Proc. 9.4 ............................21

# III. Table of Authorities

**Cases**

*Cardona v. State*, 134 S.W.3d 854 (Tex. App. Amarillo, *pet. ref.*) (*mem. op.*) ................................................................................14

*Cates v. State*, 120 S.W.3d 352 (Tex. Crim. App. 2003) ........................................12

*Crider v. State*, 352 S.W.3d 704 (Tex. Crim. App. 2011) ............................... 12, 17

*Davis v. State*, 202 S.W.3d 149 (Tex. Crim. App. 2006) ........................................13

*Doescher v. State*, 578 S.W.2d 385 (Tex. Crim. App. 1978) ..................................12

*Elardo v. State*, 163 S.W.3d 760 (Tex. App. Texarkana 2005, *pet. ref.*) ...............12

*Flores v. State*, 888 S.W.2d 193 (Tex. App. Houston [1st Dist.] 1994, *pet. ref.*) ................................................................................12

*Green v. State*, 799 S.W.2d 756 (Tex. Crim. App. 1990)........................................15

*Hankins v. State,* 132 S.W.3d 380 (Tex. Crim. App. 2004) ....................................13

*Harris v. State*, 784 S.W.2d 5 (Tex. Crim. App. 1989)...........................................17

*Illinois v. Gates*, 462 U.S. 213 (1983) ..................................................................14

*Lowery v. State*, 99 S.W.3d 398 (Tex. App. Amarillo 2003, *no pet.*) ....................12

*Rougeau v. State*, 738 S.W.2d 651 (Tex. Crim. App. 1987) ...................................17

*Smith v. State*, 207 S.W.3d 787 (Tex. Crim. App. 2006) ................................. 12, 13

**Statutes**

Tex. Pen. Code § 49.04 (2013) .................................................................................9

**Rules**

Tex. Rule App. Proc. 66.3 (2015).............................................................................20

Tex. Rule App. Proc. 68.4 (2015)........................................................................ 7, 11

Tex. Rule App. Proc. 9.4 (2015)...............................................................................22

## IV. Appendix Index

*State v. Welborn*, 02-14-00464-CR, 2015 Tex. App. LEXIS 8001 (Tex. App. Fort Worth, July 30, 2015) (memorandum opinion)

## V.  Statement Regarding Oral Argument

Should the Court grant this petition, Appellee requests oral argument.  *See* Tex. Rule App. Proc. 68.4(c) (2015).  The issue presented in this case involves one of first impression in which the court of appeals effectively created a bright-line rule that all errors in warrants and probable cause affidavits supporting a warrant may be explained later using parol evidence.  Therefore, should this Court determine that its decisional process will be significantly aided by oral argument, Appellee will be honored to present oral argument.

**To The Honorable Judges of the Court of Criminal Appeals:**

Appellee Casey Welborn respectfully submits this petition for discretionary review:

**VI. Statement of the Case and Procedural History**

This petition requests that this Court review the *Memorandum Opinion* and judgment of the Second Court of Appeals in *State v. Welborn*, 02-14-00464-CR, 2015 Tex. App. LEXIS 8001 (Tex. App. Fort Worth, July 30, 2015) (memorandum opinion), in which the court of appeals reversed the order of the trial court contained in the Findings of Fact and Conclusions of Law ("FFCL") by holding that the trial court erred by granting Appellee's motion to suppress the results of a blood draw performed under a warrant because the erroneous date in the affidavit supporting the warrant was a clerical error that did not affect the validity of the warrant under Texas Code Criminal Procedure Article 18.01 (2015).

Appellee was charged by information with Driving While Intoxicated ("DWI") under Texas Penal Code § 49.04. (CR, 5-6)[1]; *see* Tex. Pen. Code § 49.04 (2013). Appellee filed a motion to suppress the blood test results, specifically attacking the affidavit supporting the blood warrant and the blood warrant itself.

---

[1] The Record on Appeal consists of the Clerk's Record and a Supplemental Clerk's Record, and the Reporter's Record, which is three volumes. The Clerk's Record is cited as "CR" or "CR-Supp" and followed by the page number, and the Reporter's Record is cited as "RR" followed by the volume number, page number, or exhibit number.

(RR2; RR3, SX-1, SX-2; CR, 33-35). On November 3, 2014, hearing was held on the motion to suppress the blood test results of Appellee. (RR2). The trial court granted the motion to suppress, and entered the FFCL. (CR, 36-37, 40-41). Prior to the disposition of the case, the State filed a notice of appeal. (CR, 42-43).

On July 30, 2015, the Court of Appeals reversed the order of the trial court. *See State v. Welborn*, 02-14-00464-CR, 2015 Tex. App. LEXIS 8001 (Tex. App. Fort Worth, July 30, 2015) (memorandum opinion). This petition for discretionary review follows.

## VII. Grounds for Review

**Ground for Review**: **The court of appeals erred by effectively creating a bright-line rule that all errors in warrants and probable cause affidavits supporting a warrant may be explained later using parol evidence. This bright-line rule: (1) violates the Fourth Amendment; and (2) allows the adequacy of an affidavit supporting a search warrant to no longer be governed by the rule that probable cause must be determined from the four corners of the affidavit alone, but may instead be explained later using parol evidence. Thus, this Court should hold that parol evidence may not be used to supplement information contained within the "four corners" of a probable cause affidavit if the parol evidence allows the State to justify a Fourth Amendment seizure after-the-fact.**

Appellee directs this Court's attention to the following parts of the record on appeal:

Reporter's Record, Volumes 2 and 3

Clerk's record pages 40-41.

*See* Tex. Rule App. Proc. 68.4(f) (2015).

**VIII. Argument**

1.  <u>Ground for Review</u>: **The court of appeals erred by effectively creating a bright-line rule that all errors in warrants and probable cause affidavits supporting a warrant may be explained later using parol evidence. This bright-line rule: (1) violates the Fourth Amendment; and (2) allows the adequacy of an affidavit supporting a search warrant to no longer be governed by the rule that probable cause must be determined from the four corners of the affidavit alone, but may instead be explained later using parol evidence. Thus, this Court should hold that parol evidence may not be used to supplement information contained within the "four corners" of a probable cause affidavit if the parol evidence allows the State to justify a Fourth Amendment seizure after-the-fact.**

    **i. Introduction**

    There is a difference between using parol evidence to explain deficiencies in a probable cause affidavit that occurs *before* a Fourth Amendment seizure versus using parole evidence to explain a deficiency that occurs *after* a Fourth Amendment seizure. In this case, the State used parol evidence to explain a deficiency in a probable cause affidavit that allowed the police to obtain a search warrant (for blood) in the first instance. As the following analysis will show, this is very different than the situation in *Green* (see below), in which 25 years ago, this Court held that the State's failure to get the warrant executed *after* a Fourth Amendment search was conducted could be explained by parol evidence.

    **ii. The "four-corners rule" prohibits going outside the "four corners" of an affidavit supporting a search warrant, and the court of appeals clearly violated this rule.**

    Whether information contained in an affidavit in support of a search warrant is legally adequate must be reviewed by considering only the "four corners" of the

11

affidavit. *Doescher v. State*, 578 S.W.2d 385, 387 (Tex. Crim. App. 1978); *Cates v. State*, 120 S.W.3d 352, 359 (Tex. Crim. App. 2003); *Smith v. State*, 207 S.W.3d 787, 794 (Tex. Crim. App. 2006); *Crider v. State*, 352 S.W.3d 704, 710 (Tex. Crim. App. 2011) (emphasis added). Even if officers are aware of additional information that would be sufficient to establish probable cause, the warrant is invalid if the critical facts are not included within the four corners of the affidavit for the search warrant presented to the magistrate. *Lowery v. State*, 99 S.W.3d 398, 400 (Tex. App. Amarillo 2003, *no pet.*) (Reviewing court must restrict its review of probable cause to the four corners of affidavit supporting the search warrant); *see Flores v. State*, 888 S.W.2d 193, 197 (Tex. App. Houston [1st Dist.] 1994, *pet. ref.*) (Although the officer testified during the hearing on the defendant's motion to suppress that he observed the defendant drive a vehicle to the location of a drug transaction, such fact did not authorize the search of the defendant's car because the surveillance facts were not included in the affidavit supporting the search warrant); *see also Elardo v. State*, 163 S.W.3d 760, 771 (Tex. App. Texarkana 2005, *pet. ref.*) (State cannot supplement the probable cause affidavit with additional information not contained in the affidavit and testimony at a hearing on the defendant's motion to suppress).

Finally, the "four corners rule" applies only to the assessment of probable cause, and does not apply to the issue of whether the affiant swore to the affidavit's truthfulness. *Smith*, 207 S.W.3d at 794.

In the case before this court, it is undisputed that the State supplied a correct date through parol evidence. Therefore, the "four-corners rule" rule was violated. In the next section, Appellee will discuss whether *Davis* applies.

### iii. Review of probable cause affidavits supporting a search warrant require a commonsense, and not a hypertechnical analysis

In *Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006), the Court of Criminal Appeals held that the review of probable cause affidavits supporting a search warrant require a commonsense, and not a hypertechnical analysis. As the Court held, the "best practice" for affidavits supporting a search warrant is for the affiant to include an officer's experience, background information, and previous associations with contraband so that "little is left to inference" and the magistrate has specifically articulated facts to evaluate in determining if there is probable cause. *Id*. *Reasonable inferences*, the Court held, may be drawn from the facts and circumstances contained within the "four corners of the affidavit." *Id*. (emphasis supplied). *See also Hankins v. State,* 132 S.W.3d 380, 388 (Tex. Crim. App. 2004).

*Davis* clearly does not apply in Appellee's case. A date has nothing to do with an officer's experience, background information, and previous associations with contraband. Thus, with an incorrect date, there is nothing left "to inference" in

13

order to determine probable cause. Nor can the State, within the four corners of the affidavit supporting the search warrant, show that although the affidavit supporting the search warrant fails to show that the source of information was reliable, it shows "a strong demonstration of basis of knowledge" that may "remedy a weak showing of reliability." *Illinois v. Gates*, 462 U.S. 213, 231-232 (1983).

### iv. The incorrect information in the affidavit (the date) is not something within the "common knowledge" of the officer or magistrate

Nor can the State claim here that the mistaken fact (incorrect date) could be within "common knowledge," thus excusing the mistaken fact. It is not as though the affidavit recited something to the effect of "it is within the knowledge of the affiant that many people exit Lichas Cantina on **8th Street** in Austin, Texas, while apparently inebriated." It is within the common knowledge of any person who covets Mexican food or margaritas (or both), and who is familiar with the 6th Street area in Austin that Lichas Cantina is actually on 6th Street. Therefore, a reviewing court would be correct if it excused this mistake because it clearly was a clerical error pertaining to a fact of "common knowledge."

The mistaken date in this case is more closely aligned with the facts of *Cardona v. State*, 134 S.W.3d 854, 859 (Tex. App. Amarillo, *pet. ref.*) (*mem. op.*), because like the situation regarding a date, a magistrate would have to engage in speculation when determining what materials are used in the manufacture of drugs.

14

In *Cardona*, the affidavit in support of the search warrant application referred to the presence of anhydrous ammonia, psuedophed, baggies, coolers, a thermos, latex gloves, and black nylon bags. Although none of these items were specifically tied to the presence or manufacture of methamphetamine, the State argued that it is ''common knowledge'' that these items are often used in the manufacture of methamphetamine. *Id*. The Court of Appeals rejected this argument and held the State to the four-corners rule, holding that ''common knowledge'' consists of matters ''so well known to the community as to be beyond dispute'' and that the formula for or the ingredients of the manufacture of a controlled substance does not fall within this category. *Id*. Thus, because any such information regarding the manufacturing of methamphetamine fell outside the "realm" of the four corners of the affidavit, the defendant's conviction was reversed. *Id*. at 860.

### v. The Court of Appeals misinterpreted this Court's ruling in *Green*

The Court of Appeals referred to the incorrect date as one that is a "purely technical" discrepancy "in dates or times" that "do not automatically vitiate the validity of search or arrest warrants." *Welborn*, *id*. at *5; *citing Green v. State*, 799 S.W.2d 756, 759 (Tex. Crim. App. 1990). In *Green*, the search warrant indicated that it was signed and issued by the magistrate on March 20, 1987. *Id*. at 757. The return on the warrant indicates that it was executed on March 25, 1987. *Id*. Facially, the warrant violated Article 18.07(c), which requires a warrant to be

15

executed within three days, exclusive of the day of issuance and day of execution. *Id.*   This Court affirmed the judgment of the court of appeals, holding that the warrant was stale when executed and the subsequent seizure invalid, and there was no evidence presented showing a clerical error. *Id*. at 760-761.

And even if in *Green* had the State presented evidence showing a clerical error, in Green, the issue was the State's failure to get the warrant executed ***after*** a Fourth Amendment search was conducted.   In the case before this Court, the officer wrote an affidavit for a search warrant for blood in which two different dates appear for the stop: in the first paragraph, the officer wrote that Appellee committed DWI "on or about the 02 day of September, 2013, but then in paragraph five, the officer wrote that the stop occurred "[O]n, Sunday, September 1, 2013, at approximately 0352 hours." (RR3, SX-1; CR, 40).   At the end of the affidavit, the officer signed that he swore to the facts alleged "on this the 2 day of September, 2013." (RR3, SX-1; CR, 40).   The officer presents the affidavit to a magistrate, who issues a "Search Warrant for Blood," which incorporated the officer's affidavit, commanded the seizure of Appellee, and authorized a compelled blood draw from Appellee. (RR3, SX-2).   The warrant states that it was "[I]ssued at 5:30 o'clock a.m. on this the 2nd day of September, 2013." (RR3, SX-2; CR, 41).

Appellee correctly argued that because the affidavit stated that the stop of the vehicle occurred on "Sunday, September 1, 2013, at approximately 0352

hours," and the warrant was signed by the magistrate "at 5:30 o'clock a.m. on this the 2nd day of September, 2013," there was a **twenty-six hour** period between Appellee's detention and the issuance of the warrant. (RR2, 31-35). This clearly was in violation of Article 18.01 and *Crider*, 352 S.W.3d at 707-708. (CR, 41).

Thus, a critical difference between the facts of Green and the facts of this case exist: in *Green*, the "clerical error" occurred after the Fourth Amendment seizure took place. In the case before this Court, the so-called "clerical error" occurred before the Fourth Amendment seizure took place, and the State used parol evidence to "supplement" the information contained with the "four corners" of the affidavit. This Court should not let this result stand.

### vi. The opinion of the Court of Appeals circumvents *Crider*

Further, in the case before this Court, because there was a 26-hour time gap, the trial court ruled correctly that the request for a blood search warrant was stale. The opinion of the Court of Appeals circumvents *Crider* by creatively suggesting that because the specific date listed in the affidavit for search warrant is incorrect, can be explained after the fact by parole evidence. Clear typographical errors will not vitiate either an arrest or search warrant. *See Rougeau v. State*, 738 S.W.2d 651, 663 (Tex. Crim. App. 1987), *overruled on other grounds* by *Harris v. State*, 784 S.W.2d 5 (Tex. Crim. App. 1989). If this Court were to let the opinion of the Court of Appeals stand, a Pandora's Box would open for a litany of questions for

17

the trial courts, and the four-corners rule would be rendered a legal fiction. Thus, the trial court was correct in relying on *Crider*. (CR, 41).

It is of particular note that in this case, the error was not "clear" or "purely technical." A magistrate judge looking at the information within the "four corners" of the affidavit could not know that the specific date listed of September 1, 2013 was incorrect. This is shown by the officer's admission that the dates within his affidavit are not in conflict, and the trial court's finding of fact that the dates were not in conflict. Thus, the trial court correctly ruled that a magistrate would have no way of knowing if there was a clerical error or not.

## IX. Conclusion and Prayer

The court of appeals erred by effectively creating a bright-line rule that all errors in warrants and probable cause affidavits supporting a warrant may be explained later using parol evidence. This bright-line rule: (1) violates the Fourth Amendment; and (2) allows the adequacy of an affidavit supporting a search warrant to no longer be governed by the rule that probable cause must be determined from the four corners of the affidavit alone, but may instead be explained later using parol evidence. Thus, this Court should hold that parol evidence may not be used to supplement information contained within the "four corners" of a probable cause affidavit if the parol evidence allows the State to justify a Fourth Amendment seizure after-the-fact.

As a result, the Court of Appeals has: (1) decided an important question of state and federal law that has not been, but should be, settled by the Court of Criminal Appeals; and (2) decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States. *See* Tex. Rule App. Proc. 66.3 (2015). Appellee respectfully prays that this Court grant discretionary review, reverse the judgment of the court of appeals, and reinstate the order contained in the Findings of Fact and Conclusions of Law that suppresses the results of the illegal blood warrant.

Respectfully submitted,

Mark T. Lassiter
3500 Maple Ave Suite 400
Dallas, TX 75219
Phone: 214-845-7007
Fax: 214-845-7006
mark@lassiterlawoffice.com
Texas Bar No. 24055821
Attorney for Appellee

**/s/ Mark T. Lassiter**
By: Mark T. Lassiter

Michael Mowla
P.O. Box 868
Cedar Hill, TX 75106
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellee

**/s/ Michael Mowla**
By: Michael Mowla

## X.  Certificate of Service

I certify that on September 28, 2015, a true and correct copy of this document was served by email on the District Attorney's Office, Denton County, Appellate Division, to Catherine Luft at catherine.luft@dentoncounty.com and Lara Tomlin at lara.tomlin@dentoncounty.com, and on the State Prosecuting Attorney to Lisa McMinn at Lisa.McMinn@spa.texas.gov, and John Messinger at john.messinger@spa.state.tx.us.  *See* Tex. Rule App. Proc. 9.5 (2015) and 68.11 (2015).

**/s/ Michael Mowla**
By: Michael Mowla

## XI. Certificate of Compliance with Tex. Rule App. Proc. 9.4

This certifies that this document complies with the type-volume limitations because this document is computer-generated and does not exceed 4,500 words. Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 2,345 words in the document *except* in the following sections: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented (grounds for review section), statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix. This document also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using 14-point font. *See* Tex. Rule App. Proc. 9.4 (2015).

**/s/ Michael Mowla**
By: Michael Mowla

# APPENDIX



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00464-CR

THE STATE OF TEXAS                                                    STATE

V.

CASEY WELBORN                                                    APPELLEE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY
TRIAL COURT NO. CR-2013-07913-D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

The State of Texas appeals the trial court's order granting appellee Casey

Welborn's motion to suppress the results of a blood draw performed pursuant to

a warrant.  In one issue, the State argues that the trial court abused its discretion

by suppressing the evidence "because the one instance of the incorrect date in

---

[1]*See* Tex. R. App. P. 47.4.

the affidavit supporting the search warrant for blood was a clerical error that was explained by . . . parol evidence." Because we conclude that the trial court erroneously applied the law, we will reverse and remand.

## II. BACKGROUND

During his 7:00 p.m. to 7:00 a.m. shift that spanned the dates of September 1, 2013, to September 2, 2013, Carrollton Police Officer William Trim wrote an affidavit for a search warrant to draw blood from Welborn. Trim's pursuit of a search warrant stemmed from him having pulled over Welborn's vehicle, allegedly because Trim had witnessed it swerving in and out of a single lane of traffic. By Trim's account, further field-sobriety tests led him to believe that Welborn was driving while intoxicated.

In his "Affidavit for Search Warrant for Blood," there appear two different dates for the stop. In the first paragraph, Trim wrote that Welborn committed the offense of DWI "on or about the 02 day of September, 2013." Later, in paragraph five of the affidavit, Trim wrote that the stop occurred "[o]n, Sunday, September 1, 2013, at approximately 0352 hours." Yet again, at the end of the affidavit, Trim signed that he swore to the facts alleged "on this the 2 day of September, 2013." Trim also had this page notarized.

After presenting the affidavit to a magistrate, the magistrate issued a "Search Warrant for Blood." The warrant incorporated Trim's affidavit, commanded the seizure of Welborn, and authorized a compelled blood draw

from her person. The warrant states that it was "[i]ssued at 5:30 o'clock A.M. on this the 2nd day of September, 2013" and was signed by the magistrate.

Later, Welborn filed a motion to suppress the results of the blood draw. In her motion and at the suppression hearing, Welborn argued that because Trim's affidavit stated that his stop of her vehicle occurred on "Sunday, September 1, 2013, at approximately 0352 hours," and that because the warrant was signed by the magistrate "at 5:30 o'clock A.M. on this the 2nd day of September, 2013," there was a twenty-six hour period between her detention and the issuance of the warrant. Thus, Welborn argued, under the court of criminal appeals's decision in *Crider v. State*, the results of the blood draw should be suppressed. 352 S.W.3d 704, 707–08 (Tex. Crim. App. 2011) (holding that, due to alcohol's dissipation from bloodstream, the lack of specific time in search-warrant affidavit, which left possible twenty-five hour period between arrest and issuance of warrant, vitiated probable cause to uphold warrant).

At the suppression hearing, Trim testified that the September 1, 2013 date was a "clerical error" and that he stopped Welborn's vehicle at 3:52 a.m. on September 2, 2013. The trial court granted Welborn's motion to suppress. In its findings of fact, the trial court found that Trim's testimony was "credible and truthful" and that the "September 1, 2013" date found in his affidavit was a "clerical error." In its conclusions of law, however, the trial court stated that it "relied on *Crider*" in making its determination to suppress the results of the blood draw. The State now appeals.

3

## III. DISCUSSION

In the determinative part of its sole point, the State argues that the trial court erred by granting Welborn's motion to suppress because the "one instance of the incorrect date in the [warrant's] supporting . . . affidavit . . . was a clerical error." And, the State argues, because the clerical error was explained through parol evidence and because the trial court found the parol evidence to be true, the trial court should not have concluded that the results of the blood draw performed on Welborn should be suppressed. We agree with the State.[2]

### A.    Standard of Review and Applicable Law

The police may obtain a defendant's blood for a DWI investigation through a search warrant. *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. Ann. art. 18.01(j) (West 2015); *State v. Johnston*, 305 S.W.3d 746, 750–51 (Tex. App.—Fort Worth 2009, pet. struck). A search warrant cannot issue unless it is based on probable cause as determined from the four corners of an affidavit. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b) (West 2015) ("A sworn affidavit . . . establishing probable cause shall be filed in every instance in which a search warrant is requested."); *Nichols v. State*, 877 S.W.2d 494, 497–98 (Tex. App.—Fort Worth 1994, pet. ref'd).

---

[2]Welborn did not submit briefing in this case.

When reviewing a magistrate's decision to issue a warrant, we apply the deferential standard of review articulated by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983). *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007); *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004). Under that standard, we uphold the probable cause determination "so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331 (*citing Jones v. United States*, 362 U.S. 257, 271, 80 S. Ct. 725, 736, (1960), *overruled on other grounds by U.S. v. Salvucci*, 448 U.S. 83, 100 S. Ct. 2547, (1980)); *see Swearingen*, 143 S.W.3d at 810.

When reviewing the trial court's ruling on a motion to suppress when the trial court made explicit fact findings, as here, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818.

"[T]he Fourth Amendment strongly prefers searches to be conducted pursuant to search warrants." *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). Therefore, "purely *technical* discrepancies in dates or times do not automatically vitiate the validity of search or arrest warrants." *Green v. State*,

5

799 S.W.2d 756, 759 (Tex. Crim. App. 1990). The two objectives of the law concerning search warrants are to ensure there is adequate probable cause to search and to prevent a mistaken execution against an innocent third party. *Id.* at 757. These objectives are not furthered by rigid application of the rules concerning search warrants. *Id.* at 759. To avoid providing protection to those whose appeals are based not on substantive issues of probable cause, but rather, on technical default by the State, we review technical discrepancies under the totality of the circumstances test enunciated by United States Supreme Court in *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331; *Green*, 799 S.W.2d at 758. Due to the nature of these technical defects, parol evidence, in the form of explanatory testimony, may be used to cure the defect. *Id.* at 760.

**B.     The Clerical Error Did Not Vitiate Search Warrant's Validity**

In one part of Trim's affidavit, he wrote that that the stop and the events giving rise to the stop and arrest of Welborn occurred on September 1, 2013. Nevertheless, Trim explained at the suppression hearing that the September 1, 2013 date was an error and that the stop actually occurred on September 2, 2013. The trial court found this testimony to be true and specifically found that the September 1, 2013 date was a "clerical error." Viewing the evidence in the light most favorable to the trial court's findings, these findings of fact are supported by the record. *See Kelly*, 204 S.W.3d at 818–19.

The trial court, however, relied on the court of criminal appeals's decision in *Crider* in reaching its legal conclusion that this clerical error vitiated the

6

magistrate's search warrant.  In *Crider*, the court held that an affidavit in support of a search warrant that left a possible twenty-five hour gap between the officer's stop of Crider and the magistrate's signing of the search warrant for blood failed to contain "sufficient facts within its four corners to establish probable cause that evidence of intoxication would be found in appellant's blood at the time the search warrant was issued."  *Crider*, 352 S.W.3d at 711.

Crider, however, is distinguishable from the facts of the present case because here "there exists a discrepancy in dates" instead of containing no date at all.  *Green*, 799 S.W.2d at 760; *Crider*, 352 S.W.3d at 711.  In instances such as this case, "parol evidence to explain the error on the face of the instrument" may be considered in determining whether the issuing magistrate had a substantial basis in issuing its warrant.  *Green*, 799 S.W.2d at 761; *see Rougeau v. State*, 738 S.W.2d 651, 663 (Tex. Crim. App. 1987) (upholding warrant because evidence showed affidavit dated January 6, 1977, instead of January 6, 1978, was clearly typographical error), *cert. denied*, 485 U.S. 1029 (1988), *overruled on other grounds by Harris v. State*, 784 S.W.2d 5, 19 (Tex. Crim. App. 1989*)*; *Lyons v. State*, 503 S.W.2d 254, 256 (Tex. Crim. App. 1973) (upholding warrant when evidence was introduced to show that the police officer mistakenly typed "March" instead of "July" on the affidavit); *Martinez v. State*, 285 S.W.2d 221, 222 (Tex. Crim. App. 1955) (upholding warrant when testimony was offered that "December" was mistakenly written on warrant affidavit instead of "January").

7

We hold that because the trial court found, through parol evidence, that the September 1, 2013 date was a "clerical error" and because it found that the correct date was September 2, 2013, the trial court should have legally concluded that the clerical error did not vitiate the search warrant. *See Schornick v. State*, No. 02-10-00183-CR, 2010 WL 4570047, at *3 (Tex. App.—Fort Worth Nov. 4, 2010, no pet.) (mem. op., not designated for publication) (holding that trial court did not err by denying motion to suppress when trooper testified that erroneous date on affidavit was a clerical error). Accordingly, we sustain the State's sole issue.

## IV. CONCLUSION

Having sustained the State's sole issue, we reverse the trial court's order and remand this case to the trial court for further proceedings consistent with this opinion.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 30, 2015

8